UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RIOS, | ) Case No. EDCV 09-2132-GW(RC) |
| Petitioner, | ) |
| | ) OPINION AND ORDER ON A |
| vs. | ) PETITION FOR HABEAS CORPUS |
| | ) |
| STATE SUPERIOR COURT, ET AL., | ) |
| | ) |
| Respondents. | ) |

On November 16, 2009, petitioner Arthur Rios, a state inmate proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254, which this Court dismissed with leave to amend under Rule 12(e) due to petitioner's failure to name the proper respondent and to set forth his grounds for relief and supporting facts, and ordered petitioner to file an amended petition within thirty days. However, petitioner has not filed an amended petition.

**DISCUSSION**

Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules") provides that the Rules govern the procedure in the federal district courts on an application under 28

1  U.S.C. § 2254 by a person in custody pursuant to a judgment of a state
2  court.  28 foll. U.S.C. § 2254, Rule 1.  As an initial matter, Rule
3  2(a), 28 foll. U.S.C. § 2254, requires a habeas corpus petition must
4  comply with the following format:

6      If the petitioner is currently in custody under a state
7      court judgment, the petition must name as respondent the
8      state officer who has custody.

10 Rule 2(a).  Here, petitioner improperly named the State Superior Court
11 as the respondent.  "The proper respondent in a federal habeas corpus
12 petition is the petitioner's 'immediate custodian.'"  Brittingham v.
13 United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam)
14 (citation omitted).  "This person typically is the warden of the
15 facility in which the petitioner is incarcerated."  Stanley v.
16 California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994);
17 Brittingham, 982 F.2d at 379.  "Failure to name the petitioner's
18 custodian as a respondent deprives federal courts of personal
19 jurisdiction."  Stanley, 21 F.3d at 360; Belgarde v. State of Montana,
20 123 F.3d 1210, 1212 (9th Cir. 1997).

22     Additionally, Rule 2(c) requires that the petition must:  "(1)
23 specify all the grounds for relief available to the petitioner; [and]
24 (2) state the facts supporting each ground. . . ."  28 foll. U.S.C.
25 § 2254, Rule 2(c).  Rule 2(d) requires that the petition "must
26 substantially follow either the form appended to these rules or a form
27 prescribed by a local district-court rule."  28 foll. U.S.C.
28 § 2254, Rule 2(d).  This district court, in Local Rule 83-16.1, has

1  prescribed a habeas corpus petition form, which it makes "available to
2  petitioners without charge."  Id.  Here, although petitioner has used
3  bits and pieces of that form, he has instead submitted a petition that
4  is really a legal memorandum.  Moreover, on the form, petitioner
5  states the facts supporting each ground are:  "(see additional
6  pages)."  Yet, the added pages do not set forth any facts but instead
7  set forth legal argument.  Thus, the petition is vague, ambiguous and
8  indefinite, and petitioner must file an amended petition that
9  separately sets forth each claim and the facts supporting each claim.

11     Although this Court could have immediately summarily dismissed
12  without prejudice the habeas petition, the Court instead dismissed the
13  petition with leave to amend and ordered petitioner to file an amended
14  petition, within thirty (30) days.  The petitioner was admonished that
15  failure to timely file the amended petition could result in dismissal
16  of the action.  Although more than thirty days have passed, petitioner
17  has not filed an amended petition.

19     Rule 4 of the Rules Governing Section 2254 Cases in the United
20  States Courts provides that "[i]f it plainly appears from the face of
21  the petition and any exhibits annexed to it that the petitioner is not
22  entitled to relief in the district court, the judge shall make an
23  order for its summary dismissal. . . ."  28 foll. U.S.C. § 2254,
24  Rule 4.  Since the habeas petition is defective on its face, and does
25  not name the proper respondent and is vague as to petitioner's claims
26  //
27  //
28  //

and the fact supporting those claims, it should now be summarily dismissed without prejudice.

**ORDER**

IT IS HEREBY ORDERED that Judgment shall be entered SUMMARILY DISMISSING without prejudice the petition for writ of habeas corpus.

DATE: February 26, 2010

GEORGE H. WU
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE:  January 4, 2010

/S/ ROSALYN M. CHAPMAN
    ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-2132.mdo
1/4/10